UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENO FUENTES RIOS, ) | 1:08-cv-01048-AWI-BAK-SMS HC |
| ) | |
| Petitioner, ) | FINDINGS AND RECOMMENDATION RE: |
| ) | RESPONDENT'S MOTION TO DISMISS |
| v. ) | AMENDED PETITION (Doc. 27) |
| ) | |
| ) | ORDER DIRECTING OBJECTIONS TO BE |
| CALIFORNIA DEPARTMENT OF ) | FILED WITHIN TWENTY DAYS |
| CORRECTIONS & REHABILITATION ) | |
| et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The original federal petition for writ of habeas corpus was filed on January 18, 2008, in the Sacramento Division of this Court. (Doc. 1).[1] On May 23, 2008, Petitioner

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom*. Carey v. Saffold, 536 U.S. 214, 226 (2002). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003). Accordingly, for Petitioner's state petitions, as well as for the instant petition, the Court will consider the date of signing of any petition (or the date of signing of the proof of service if no

1

1 filed his first amended petition. (Doc. 9). On July 22, 2008, the case was transferred to the Fresno
2 Division. (Doc. 11). On October 15, 2008, the Court ordered Respondent to file a response. (Doc.
3 15). On February 13, 2009, Respondent filed the instant motion to dismiss, contending that the
4 petition is untimely. (Doc. 27). On March 6, 2009, Petitioner filed a document entitled "Affidavit
5 for extension of time to submit opposition to respondent's motion to dismiss." (Doc. 28).[2]

In his original petition, Petitioner challenges a July 2006 gang validation and Petitioner's subsequent confinement in administrative segregation. (Doc. 1). In a series of rambling arguments that often repeat themselves and encompass some 86 pages of handwritten factual and legal argument, Petitioner raises four claims that are variations of the same primary theme, i.e., that Respondent's policy regarding gang validations and the resulting consequences for inmates so designated is deeply flawed and violates federal constitutional guarantees. Within his prolix factual recitation, Petitioner also appears to challenge a September 2004 prison disciplinary conviction. (Doc. 1).

In his amended petition, Petitioner raises only three claims, all of which again appear to be variations of his challenge to the State of California's treatment of gang members. (Doc. 9). Although Petitioner includes in his claims an assertion that improper gang validation affects an inmate's parole opportunities, Petitioner has clearly indicated to the Court that he is not challenging any denial of parole eligibility, and that he is only challenging the 2004 disciplinary finding and the 2006 gang validation. (Doc. 28, p. 8). Accordingly, the Court will only address Respondent's motion to dismiss as it relates to Petitioner's claims regarding the 2004 disciplinary violation and the

---

signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. In this instance, that date is January 18, 2008. (Doc. 1, p. 103).

[2]Because Petitioner styled the document as an "Affidavit," the Clerk of the Court did not designate the filing as a motion that required a ruling by the Court. Ordinarily, the proper procedure for requesting an extension of time would be to file a motion requesting such relief. However, in the "affidavit," Petitioner argues that his petition is timely based on receiving certain documents in his administrative appeal in an untimely manner. Thus, Petitioner has had an opportunity to respond to Respondent's contentions. Moreover, during the succeeding six months, Petitioner has not filed any additional documents opposing the motion. Accordingly, the Court construes the March 6, 2009 "Affidavit" as an opposition to Respondent's motion to dismiss.

2

2006 gang validation.[3]

## DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

As mentioned, Respondent filed a Motion to Dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one year limitation period. Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

### B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

   1. General Principles.

      a. Commencement of the statute.

---

[3] More precisely, in the motion to dismiss, Respondent has construed the petition to also contain a challenge to the Board of Parole Hearing's January 2007 denial of parole eligibility for Petitioner. (Doc. 27, pp. 1, 7). In his March 6, 2009 "affidavit," which the Court has construed as an opposition to Respondent's motion to dismiss, Petitioner insists that he is not challenging the denial of parole eligibility, and states that he is only challenging the 2004 disciplinary conviction and the 2006 gang validation. (Doc. 28, p. 8). Accordingly, to the extent that the petition can be construed to raise a challenge to the 2007 denial of parole eligibility, the Court considers that ground for relief waived by Petitioner.

3

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on January 18, 2008, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In a situation such as this, where the petitioner is challenging a prison disciplinary conviction and a gang validation, both administrative proceedings within the Department of Corrections and Rehabilitation, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003)(holding that the Board of Prison Term's denial of an inmate's administrative appeal was the "factual predicate" of the inmate's claim that triggered

the commencement of the limitations period); Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th cir. 2004)(holding that the statute of limitation does not begin to run until a petitioner's administrative appeal has been denied).

                b.   Statutory Tolling Pursuant to 28 U.S.C. § 2244(d)(2).

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007. Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the

5

state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

        c. Equitable Tolling.

The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

        2. 2004 Disciplinary Claim.

Regarding the limitations period for Petitioner's challenge to the 2004 disciplinary finding ("disciplinary claim"), that period would have commenced on March 18, 2005, the day after Petitioner was informed that his final administrative appeal had been denied.  (Doc. 1, Ex. C). See Shelby, 391 F.3d at 1066. Under 28 U.S.C. § 2244(d)(1)(D), Petitioner had 365 days from that date, or until March 17, 2006, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.  As mentioned, Petitioner did not file his federal petition until January 18, 2008, almost two years after the one year period had expired.  Thus, absent any applicable tolling, therefore, that claim is untimely.

Here, the documents submitted by Respondent with the motion to dismiss establish that Petitioner filed the following state habeas petitions relating to the 2004 disciplinary finding: (1) filed

6

in the Superior Court of Sacramento on September 13, 2005, and denied on November 18, 2005; (2) filed in the California Court of Appeal, Third Appellate District ("3d DCA"), on May 30, 2007, and denied on July 19, 2007 (Doc. 27, Exs. 3 & 4); and (3) filed in the California Supreme Court on August 24, 2007, and denied on October 31, 2007.  (Doc. 27, Exs. 5 & 6).

As mentioned, the one-year period commenced on March 18, 2005, and continued until Petitioner filed the first state habeas in superior court on September 13, 2005.  At that point, 179 days had expired, leaving Petitioner with only 186 days remaining to timely file his federal petition as to that claim.

Assuming, without deciding, that all three state petitions were "properly filed" under the AEDPA and thus entitled to statutory tolling, the statute was tolled during the pendency of the first petition.  That petition was denied on November 18, 2005.  Normally, when a petitioner properly files the next petition in a higher court, he is entitled to statutory tolling as well for the interval between the two petitions.  Respondent, however, argues that Petitioner delayed for an unreasonable time before filing his second petition in the 3d DCA, and thus is not entitled to statutory tolling for that interval.  (Doc. 27, p. 5).  The Court agrees.

In reviewing habeas petitions originating from California, the Ninth Circuit formerly employed a rule that where the California courts did not explicitly dismiss for lack of timeliness, the petition was presumed timely and was deemed "pending."  In Evans v. Chavis, 549 U.S.189 (2006), the Supreme Court rejected this approach, requiring instead that the lower federal courts determine whether a state habeas petition was filed within a reasonable period of time.  549 U.S. at 198 ("That is to say, without using a merits determination as an 'absolute bellwether' (as to timeliness), the federal court must decide whether the filing of the request for state court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'").  However, "'[w]hen a post-conviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2).'"  Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005)(*quoting* Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005)).  See also Carey v. Saffold, 536 U.S. at 226.

Therefore, under the analysis mandated by the Supreme Court's decisions in Pace and Evans,

this Court must first determine whether the state court denied Petitioner's habeas application(s) as untimely. If so, that is the end of the matter for purposes of statutory tolling because the petition was then never properly filed and Petitioner would not be entitled to any period of tolling under § 2242(d)(2), either for the pendency of the petition itself or for the interval between that petition and the denial of the previous petition. Bonner, 425 F.3d at 1148-1149.

However, if the state court did not expressly deny the habeas petition(s) as untimely, this Court is charged with the duty of independently determining whether Petitioner's request for state court collateral review were filed within what California would consider a "reasonable time." Evans, 546 U.S. at 198. If so, then the state petition was properly filed and Petitioner is entitled to interval tolling.[4]

In Evans, the Supreme Court found that a six-month delay was unreasonable. Id. The Supreme Court, recognizing that California did not have strict time deadlines for the filing of a habeas petition at the next appellate level, nevertheless indicated that most states provide for a shorter period of 30 to 60 days within which to timely file a petition at the next appellate level. Evans, 546 U.S. at 201. After Evans, however, it was left to the federal district courts in California to carry out the Supreme Court's mandate of determining, in appropriate cases, whether the petitioners' delays in filing state petitions were reasonable. Understandably, given the uncertain scope of California's "reasonable time" standard, the cases have not been entirely consistent. However, a consensus appears to be emerging in California that any delay of sixty days or less is per se reasonable, but that any delay "substantially" longer than sixty days is not reasonable. Compare Culver v. Director of Corrections, 450 F.Supp.2d 1135, 1140-1141 (C.D. Cal. 2006)(delays of 97 and 71 days unreasonable); Forrister v. Woodford, 2007 WL 809991, *2-3 (E.D. Cal. 2007)(88 day delay unreasonable); Hunt v. Felker, 2008 WL 364995 (E.D. Cal. 2008)(70 day delay unreasonable); Swain v. Small, 2009 WL 111573 (C.D.Cal. Jan. 12, 2009)(89 day delay unreasonable); Livermore v. Watson, 556 F.Supp. 2d 1112, 1117 (E.D.Cal. 2008)(78 day delay unreasonable; Bridges v. Runnels, 2007 WL 2695177 *2 (E.D.Cal. Sept. 11, 2007)(76 day delay unreasonable), with Reddick

---

[4]Neither the Ninth Circuit nor the United States Supreme Court has addressed whether a delay in filing may deprive a petitioner of statutory tolling for the pendency of an otherwise properly filed state petition itself when the state court does not expressly indicate that the petition was untimely. Presently, Evans only affects entitlement to interval tolling.

8

v. Felker, 2008 WL 4754812 *3 (E.D.Cal. Oct. 29, 2008)(64 day delay not "substantially" greater than sixty days); Payne v. Davis, 2008 WL 941969 *4 (N.D.Cal. Mar. 31, 2008 (63-day delay "well within the 'reasonable' delay of thirty to sixty days in Evans"). Moreover, even when the delay "significantly" exceeds sixty days, some courts have found the delay reasonable when the subsequent petition is substantially rewritten. E.g., Osumi v. Giurbino, 445 F.Supp 2d 1152, 1158-1159 (C.D.Cal. 2006)(3 month delay not unreasonable given lengthy appellate briefs and petitioner's substantial re-writing of habeas petition following denial by superior court); Stowers v. Evans, 2006 WL 829140 (E.D.Cal. 2006)(87-day delay not unreasonable because second petition was substantially re-written); Warburton v. Walker, 548 F.Supp.2d 835, 840 (C.D. Cal. 2008)(69-day delay reasonable because petitioner amended petition before filing in Court of Appeal).

Here, the delay between the denial of the first petition on November 18, 2005, and the filing of the second petition on May 30, 2007 was 565 days, or over eighteen months, a period well outside the range of what district courts, the Ninth Circuit, and the United States Supreme Court have considered reasonable for California inmates. Evans, 546 U.S. at 198. Thus, Petitioner is not entitled to interval tolling from the re-commencement of the one-year limitation period on November 19, 2005, until the second petition was filed in the 3d DCA on May 30, 2007.[5]

As such, the one-year statute re-commenced on November 19, 2005 and continued to run unabated until it expired 186 days later, on May 24, 2006. Although Petitioner thereafter filed state petitions in the 3d DCA and the California Supreme Court, those petitions are not entitled to statutory tolling because they were filed after the one-year period had expired. A petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year

---

[5]The Court's calculation of the running of the one-year statute varies from Respondent's motion to dismiss because Respondent, in most instances, has used the actual court filing date of the state petitions whereas the Court, pursuant to the mailbox rule, is giving Petitioner the benefit of the doubt by using the date Petitioner signed his petitions.

9

limitations period). Here, as mentioned, the limitations period expired on May 24, 2006, over a year *before* Petitioner filed his next state habeas petition in the 3d DCA on May 30, 2007. Accordingly, he cannot avail himself of the statutory tolling provisions of the AEDPA for his last two state petitions.

In sum, since the one-year period expired on May 24, 2006, approximately nineteen months before he filed the instant claim regarding the 2004 disciplinary hearing, that claim is untimely and must be dismissed unless Petitioner is entitled to equitable tolling.

Here, Petitioner has made no claim of entitlement to equitable tolling and, from this record, the Court discerns no basis for such a claim. Accordingly, Petitioner is not entitled to equitable tolling. Therefore, the 2004 claim, filed within the instant petition on January 18, 2008, is untimely and should be dismissed.

        3.  <u>2006 Gang Validation Claim</u>.

Regarding the 2006 gang validation claim, that decision was made by Respondent on July 26, 2006. (Doc. 27, Ex. D to Ex. 3). Thereafter, Petitioner filed an administrative appeal challenging the gang validation, which was denied at the Director's Level on December 28, 2006. (<u>Id</u>.). Thus, the one-year statute for this claim would have commenced the following day, i.e., December 29, 2006, and would have expired 365 days later, i.e., on December 28, 2007. Thus, unless entitled to statutory or equitable tolling, the instant petition filed on January 18, 2008 would be untimely by 21 days.

Reviewing the same chronology of state court petitions as in the 2004 disciplinary claim, it becomes immediately obvious that Petitioner has shown sufficient statutory tolling to make the claim timely. The one-year period commenced on December 29, 2006 and would have continued to run until May 30, 2007, when Petitioner filed his habeas petition in the 3d DCA. At that point, 152 days had elapsed of the one-year period, leaving 213 days remaining. Respondent does not argue that Petitioner is not entitled to statutory tolling for the pendency of both the 3d DCA petition and the petition filed in the California Supreme Court. Nor does Respondent challenge Petitioner's entitlement to interval tolling between the pendency of the two latter petitions. Thus, the one-year period was tolled throughout that time and only re-commenced upon the denial of his last petition by

the California Supreme Court on October 31, 2007. Petitioner filed his federal petition on January 18, 2008, some 79 days later. At that point, Petitioner still had 134 days remaining on his one-year period. Thus, the 2006 gang validation claim is timely.

The Court's analysis of the timeliness of the 2006 gang validation claim is at variance with Respondent's because, inexplicably, Respondent uses May 29, 2008 as the operative date for filing of the federal petition in order to calculate the timeliness of both the 2004 disciplinary claim and the 2006 gang validation claim. (Doc. 27, pp. 5-6). In the case of the former, the difference between the actual filing date of the original petition on January 18, 2008 and the filing of the first amended petition on May 29, 2008, has no legal significance due to the extended delay by Petitioner in exhausting his claims in state court and ultimately filing his federal petition. In other words, the 2004 claim is untimely using either date.

However, the four month difference is critical to a proper determination of timeliness vis-a-vis the 2006 gang determination. Using Respondent's filing date of May 29, 2008, i.e., the filing date of the first amended petition, does indeed lead to a conclusion that the petition is untimely. Respondent, however, has provided no legal basis for using the filing of the first amended petition as a basis for calculating timeliness. The 2006 gang validation claim was included in the original petition, filed on January 18, 2008, and therefore there can be no claim by Respondent that the ground for relief is new and does not relate back to the original petition. Indeed, Respondent does not explain in any fashion why the May 29, 2008 date should be used. Accordingly, the Court must use the January 18, 2008 date for calculating the filing of the federal petition, and, using that date, the 2006 gang validation claim is timely. Hence, the Court will recommend that Respondent's motion to dismiss be denied as to that claim.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss (Doc. 27), be GRANTED in part and DENIED in part. The motion to dismiss should be GRANTED as to the 2004 disciplinary claim for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period, and DENIED as to the 2006 gang validation claim, because the claim is not

1 untimely.[6]

2  This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 10, 2009**           /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE

---

[6] As discussed previously, the Court has already deemed waived any claim by Petitioner relating to the 2007 denial of parole eligibility.  Thus, the Court need not address Respondent's contention that such a claim must be dismissed for lack of exhaustion.