# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RENO FUENTES RIOS,<br><br>Petitioner,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION et al.,<br><br>Respondents. | ) | 1:08-cv-01048-AWI-JLT HC<br><br>ORDER REQUIRING RESPONDENT TO RE-SERVE PETITIONER WITH THE MOTION TO DISMISS FILED ON FEBRUARY 13, 2009 AT PETITIONER'S CORRECT PRISON ADDRESS AND POST OFFICE BOX NUMBER<br><br>ORDER GRANTING PETITIONER THIRTY DAYS FROM THE DATE OF RE-SERVICE OF RESPONDENT'S MOTION TO DISMISS WITHIN WHICH TO FILE FURTHER OBJECTIONS OR OPPOSITION TO RESPONDENT'S MOTION TO DISMISS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The original federal petition for writ of habeas corpus was filed on January 18, 2008, in the Sacramento Division of this Court. (Doc. 1). On May 23, 2008, Petitioner filed his first amended petition. (Doc. 9). In his original petition, Petitioner challenges a July 2006 gang validation and Petitioner's subsequent confinement in administrative segregation. (Doc. 1). In his amended petition, Petitioner raises only three claims, all of which again appear to be variations of his challenge to the State of California's treatment of gang members. (Doc. 9).

On July 22, 2008, the case was transferred to the Fresno Division. (Doc. 11). On October

15, 2008, the Court ordered Respondent to file a response. (Doc. 15). On February 13, 2009, Respondent filed the instant motion to dismiss, contending that the petition is untimely. (Doc. 27). On March 6, 2009, Petitioner filed a document entitled "Affidavit for extension of time to submit opposition to respondent's motion to dismiss." (Doc. 28). In that document, Petitioner alleges that he received only three pages of Respondent's motion and that the proof of service on said motion indicates it was sent to the incorrect prison address. Petitioner alleged that he required additional time and a complete set of moving documents in order to adequately respond to the motion to dismiss.

On September 1, 2009, the Court issued Findings and Recommendations to grant the motion to dismiss the parole eligibility claim as untimely, but to deny the motion to dismiss the gang validation. (Doc. 30). In his objections to the Magistrate Judge's Findings and Recommendations, Petitioner again renewed his argument that he had never been served with a complete set of moving papers, thus limiting his ability to respond to Respondent's documents. (Doc. 31). Respondent has never opposed either of Petitioner's requests for additional time or for re-service of the motion to dismiss.

Upon careful review of the file in this case, the original Proof of Service attached to Respondent' motion to dismiss clearly indicates that the motion was served on Petitioner at P.O. Box 5246, Corcoran, California. (Doc. 27, p. 9). Petitioner has appended to his original affidavit a photocopy of the envelope purportedly from the motion to dismiss that contains the address of the P.O. Box 5246, thus confirming that Respondent sent the motion to Petitioner at this address. (Doc. 28, pp. 10; 12-13). However, at all times during these proceedings, Petitioner's official mailing address has been P.O. Box 3481. It is to this address that the Court has sent all correspondence and orders in these proceedings.

Of course, it is difficult to determine, from these scant facts alone, whether Petitioner ever received a full and complete copy of the motion to dismiss. However, Petitioner has alleged under penalty of perjury in his affidavit of March 6, 2009, that he only received pages one, two, and eight. (Doc. 28, p. 4). Nothing supplied by Respondent contradicts Petitioner's allegations or the evidence in this record.

Therefore, erring on the side of caution, the Court will require Respondent within ten days of the date of service of this Order to re-serve on Petitioner at his correct address, i.e., P.O. Box 3481, a complete copy of the motion to dismiss and proof of service. Thereafter, Petitioner shall have an additional thirty days within which to file either an opposition to the motion to dismiss or supplemental objections to the motion to dismiss. The Findings and Recommendations of September 11, 2009 (Doc. 30), will remain pending until either Petitioner's deadline for filing has passed without further filings from Petitioner, or until the Court has had an opportunity to fully review any subsequent filings Petitioner's may make in this case after proper service by Respondent of the motion to dismiss.

**ORDER**

For the foregoing reasons, it is HEREBY ORDERED as follows:

1. Respondent must RE-SERVE a complete copy of the Motion to Dismiss filed February 13, 2009, on Petitioner at his correct address, as noted above, within ten (10) days of the date of service of this Order. Respondent need not electronically re-file the motion to dismiss itself. However, Respondent must electronically file with the Court a Proof of Service indicating service of the motion to dismiss at the correct address for Petitioner.
2. Petitioner is GRANTED thirty (30) days from the date of service by the Respondent of the complete copy of the Motion to Dismiss filed on February 13, 2009, within which to file any further opposition or objections he may wish to file with the Court.

IT IS SO ORDERED.

Dated: **January 6, 2010** **/s/ Jennifer L. Thurston**

UNITED STATES MAGISTRATE JUDGE