# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENO FUENTES RIOS,<br><br>    Petitioner,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS & REHABILITATION,<br>et al.,<br><br>    Respondents. | 1:08-cv-01048-AWI-JLT HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION TO DISMISS AMENDED PETITION FOR WRIT OF HABEAS CORPUS (Doc. 27)<br><br>ORDER DISMISSING CLAIM FOR HABEAS REVIEW OF 2004 DISCIPLINARY HEARING (Doc. 9)<br><br>ORDER REFERRING ACTION TO MAGISTRATE JUDGE<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY AS TO DISMISSAL OF 2004 DISCIPLINARY HEARING CLAIM |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The instant petition was filed on January 24, 2008.  (Doc. 1). Petitioner does not challenge his conviction or sentence; instead, he challenges a 2004 disciplinary hearing and a 2006 gang validation.  (Id.).

On February 13, 2009, Respondent filed a motion to dismiss the amended petition as untimely.  (Doc. 27).  On September 11, 2009, the Magistrate Judge assigned to the case filed a Findings and Recommendations recommending that Respondent's motion to dismiss be granted as to the 2004 disciplinary hearing but denied as to the 2006 gang validation determination. (Doc. 30).  This Findings and Recommendations was served on all parties and contained notice

1  that any objections were to be filed within twenty days from the date of service of that order.  On
2  October 7, 2009, Petitioner filed objections to the Magistrate Judge's Findings and
3  Recommendations, contending that he had never had a fair opportunity to oppose the motion to
4  dismiss because prison officials had delivered the motion to dismiss to Petitioner with pages
5  missing.  (Doc. 31).   Petitioner also complained that the document had been sent to the wrong
6  address and he received it too late to file an opposition within the original time period for filing
7  an opposition.

8        On January 6, 2010, the Court ordered Respondent to re-serve the motion to dismiss upon
9  Petitioner. (Doc. 33).  In that order, the Court gave Petitioner thirty days following re-service to
10 file further objections or opposition to the motion to dismiss.  (Id.).  That same date, Respondent
11 electronically filed an Amended Return of Service indicating re-service on Petitioner at his
12 present address.  (Doc. 34).  On January 28, 2010, Petitioner filed his opposition to the motion to
13 dismiss relating to the 2004 disciplinary hearing.  (Doc. 35).

14       The gravamen of Petitioner's opposition is that he should be entitled to equitable tolling
15 because he was unaware that his state habeas petition filed in the Sacramento County Superior
16 Court on September 13, 2005, had been denied on November 18, 2005 until he read
17 Respondent's motion to dismiss. (Doc. 35, p. 4).  This is essentially a re-hashing of the same
18 argument Petitioner raised previously.   (Doc. 28, p. 6).  Petitioner claims that he never received
19 nor had any knowledge of the Superior Court's order denying his habeas petition.

20       From the evidence, it appears Petitioner knew or should have known about the denial of
21 the Superior Court petition earlier.   The Superior Court petition was the first state petition that
22 he filed. Subsequently, Petitioner filed petitions in the California Court of Appeal and in the
23 California Supreme Court, both in 2007.  Petitioner would not have known to file those petitions
24 had he not been aware that the Superior Court petition had already been decided and denied.  As
25 such, he must have known of that denial by no later than the filing date of his second petition in
26 the California Court of Appeal on May 30, 2007.  Moreover, even assuming Petitioner's account
27 is true, it reflects a total lack of diligence in pursuing and exhausting his claims.  Equitable
28 tolling applies only where prisoner has diligently pursued claims, but has in some "extraordinary

1  way" been prevented from asserting his rights.  Here, if Petitioner is to be believed, he
2  demonstrated not merely a lack of diligence, but almost indifference, to the outcome of his first
3  state habeas petition.  He does not indicate that he ever made inquiries into the fate of his first
4  state petition and now evidences surprise that it was denied so many years ago.  A petitioner who
5  fails to act diligently cannot invoke equitable principles to excuse his lack of diligence.  See
6  Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984).  Accordingly, the Court
7  rejects Petitioner's claim of entitlement to equitable tolling.
8        In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted
9  a *de novo* review of the case.  Having carefully reviewed the entire file, including Petitioner's
10 objections, the Court concludes that the Magistrate Judge's Findings and Recommendations is
11 supported by the record and proper analysis.  Petitioner's objections and opposition present no
12 grounds for questioning the Magistrate Judge's analysis.
13        Accordingly, IT IS HEREBY ORDERED that:
14    1.    The Findings and Recommendations, filed September 11, 2009 (Doc. 30), is
15          ADOPTED IN FULL;
16    2.    Respondent's Motion to Dismiss (Doc. 27), is GRANTED IN PART as to the
17          claim for habeas relief regarding the 2004 disciplinary hearing, but DENIED IN
18          PART as to the claim for habeas relief regarding the 2006 gang validation
19          determination;
20    3.    This claim in the amended petition for habeas relief as to the 2004 parole hearing
21          (Doc. 9), is DISMISSED;
22    4.    This action is REFERRED to the United States Magistrate Judge for further
23          proceedings; and
24    5.    A certificate of appealability as to the dismissal of the 2004 disciplinary hearing
25          claim is not required in this case.
26 IT IS SO ORDERED.
27 **Dated:   March 25, 2010**              **/s/ Anthony W. Ishii**
                                            CHIEF UNITED STATES DISTRICT JUDGE
28