1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| RENO FUENTES RIOS, | 1:08-cv-1048-AWI-JLT (HC) |
|---|---|
| Petitioner, | ORDER GRANTING RESPONDENT'S MOTION FOR LEAVE TO FILE SECOND |
| vs. | MOTION TO DISMISS (Doc. 47) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, et al., | ORDER DIRECTING CLERK OF THE COURT TO FILE RESPONDENT'S SECOND MOTION TO DISMISS (Doc. 47, Ex. A) |
| Respondents. | |
| _____ / | ORDER DIRECTING THAT PETITIONER FILE HIS OPPOSITION TO THE MOTION TO DISMISS WITHIN THIRTY DAYS OF THE DATE OF SERVICE OF THIS ORDER |

Petitioner is a state prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. § 2254.  On July 22, 2010, the Court ordered Respondent to file a response to the sole remaining claim in the original petition, the other claims having been dismissed as a result of an earlier motion to dismiss filed by Respondent.  (Doc. 43).  On October 19, 2010, Respondent requested leave to file a second motion to dismiss the remaining claim in lieu of an answer.  (Docs. 46 & 47).   Respondent contemporaneously submitted a proposed motion to dismiss at that time.  (Doc. 47, Ex. A).  On November 1, 2010, Petitioner filed a motion to extend time to oppose the Respondent's request to file a second motion to dismiss.  (Doc. 48).   Respondent alleges that when he filed his original motion to dismiss, he failed to recognize that the remaining

claim fails to state a claim upon which habeas relief can be granted.  (Doc. 47).

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a motion to dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a Respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on Petitioner's failure to allege facts in the remaining claim that would be entitled to federal habeas relief.  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default, and because Respondent has not yet filed a formal answer, the Court will grant Respondent's request and review Respondent's motion to dismiss pursuant to its authority under Rule 4.

## **ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. Respondent's motion for leave to file a second motion to dismiss (Doc. 47), is GRANTED;

2. The Clerk of the Court is DIRECTED to file the proposed motion to dismiss (Doc. 47, Ex. A); and,

///

///

3. Petitioner is granted thirty days from the date of service of this order in which to file an opposition to Respondent's motion to dismiss.

IT IS SO ORDERED.

Dated:  **November 16, 2010**                              **/s/ Jennifer L. Thurston**
                                                           UNITED STATES MAGISTRATE JUDGE